VINEY ELLISTON *v.* R. O. WINSTEAD.

TAX ON LITIGATION. *Unsuccessful party.* The tax laid by statute on a suit is chargeable to the unsuccessful party, although the suit be compromised before the return day of the writ, and dismissed.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. A. G. MERRITT, Ch.

ATTORNEY-GENERAL LEA for The State.

JOHN RUHM for Winstead.

COOPER, J., delivered the opinion of the court.

In this case, the bill was filed July 19, 1882, and the process made returnable to the October term. Before the meeting of the court, and on September 19, 1882, the parties settled and compromised, the defendant agreeing to pay costs. The cause was dismissed at the rules on September 20. The chancellor held that the defendant was properly taxed with the State and county tax on litigation. By the Code, section 3199, it is provided that if suits be compromised and dismissed before the return day of the original writ, no costs except the clerk's and sheriff's fees shall be taxed. And the point made is that no other items of cost than those specified can be taxed. The tax on litigation accrues when the suit is commenced. It is not costs in the cause, but a specific tax for the purpose of raising revenue, and, construing the act of 1881, ch. 149, sec. 4, in connection with the Code, sec. 551, as in *pari materia*, a tax on the unsuccessful party: *State* v. *Nance*, 1 Lea, 644; *State* v. *Stanley*, 3 Lea, 524. Whether the tax was within the agreement of the parties as to the payment of costs was a point not made: *State* v. *Hartman*, 5 Lea, 118. The chancellor may well have treated the defendant as the unsuccessful party.

Affirm the decree with costs.